**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles Dean BRYANT, Defendant–Appellant.**

No. 03–60832.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 28, 2006.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gaines H. Cleveland, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Mississippi, Gulfport, MS, Julie Ann Epps, Canton, MS, for Defendant–Appellant.

Before JONES Chief Judge, and HIGGINBOTHAM, and PRADO, Circuit Judges.

***ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES***

PER CURIAM: *

In July 2004, this court granted the Government's motion to dismiss the appeal as waived pursuant to a provision in the plea agreement of defendant-appellant Charles Dean Bryant. The Supreme Court has vacated and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We review de novo whether a waiver provision bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir.2002). We determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir.2005).

The record reflects that Bryant knowingly and voluntarily waived his right to appeal his sentence "on any ground whatsoever." *See United States v. Cortez*, 413

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 502, 503 (5th Cir.2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); Fed.R.Crim.P. 11(b)(1)(N). Because Bryant's sentence did not exceed the statutory maximum, we DISMISS the appeal as barred by the waiver contained in Bryant's plea agreement.